JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN RICHARD, individually and on behalf of all those similarly situated; JIM OLESON, individually, and on behalf of all those similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>SYSTEMS APPLICATION & TECHNOLOGIES, INC., a corporation; CARDINAL POINT CAPTAINS, INC.; and DOES 1 through 100, inclusive;<br><br>　　　　　　Defendants. | CASE NO. CV 15-7767-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

　　　Before the Court is Plaintiffs' Motion to Remand, which was filed on November 2, 2015. (Dkt. No. 17). This Court took the matter under submission on November 30, 2015.

　　　A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C.

§ 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

Federal question jurisdiction is governed by the "well-pleaded complaint rule." Under that principle, subject matter jurisdiction is proper only when a federal question appears on the face of a complaint. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, a defendant cannot remove solely "on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue" in the case. *Id*. at 393.

There is a limited exception to this rule. "The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such cases, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "[O]n government contract matters having to do with national security, state law is totally displaced by federal common law. Where the federal interest requires that the rule must be uniform throughout the country . . . then the entire body of state law applicable to the area conflicts and is replaced by federal rules." *New SD, Inc. v. Rockwell Intern. Corp.*, 79 F.3d 953, 955 (9th Cir. 1996) (citations omitted) (internal quotation marks omitted) (explaining that state law is preempted where federal interests are *directly* implicated in the particular dispute). Even where a uniquely federal interest exists however, "[d]isplacement [of state law] will occur only where . . . a significant conflict exists between an identifiable federal policy or interest and the [operation] of state law." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1988) (citations omitted) (internal quotation marks omitted).

While the present case does implicate projects between the Defendants and the Government in the general sense, the actual relevant issues to be litigated do not involve matters

of national security, or any other identifiable federal interest or policy. Plaintiffs bring a claim solely based on California wage and hour employment law. Defendants have not demonstrated that the Federal Government has any interest in the resolution of this dispute. While higher end labor costs could conceivably impact the market price of Defendants' services, this particular contract between the Federal Government and Defendants has cost cap protections which limit the maximum financial obligations of the Federal Government for Defendants' services—regardless of how the issues here are resolved. Defendants have also already agreed to follow California wage and hour employment laws in its interaction with proposed class members and in their own employee handbook materials. The fact that the Navy is the end customer of Defendants' service contracts does not insulate Defendants from all potential state law liability. As the burden to remove a case rests with the removing party, and Defendants have failed to establish how the enforcement of California labor laws would impact national security or any other interests of the federal government such that the limited preemption exception to the well-pleaded complaint rule could apply, this Court necessarily must remand this matter to the state court.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 17).

**IT IS FUTHER ORDERED** that Defendants' Motion to Dismiss is MOOT. (Dkt. No. 21).

Dated: December 14, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE